### J. S. PHELPS V. THE STATE.

No. 521. Decided March 16, 1910.

**Local Option—Felony—Statutes Construed.**

The felony provision, of the Act of the Thirty-first Legislature, has no application to the sale of intoxicating liquors in counties which had adopted local option before the passage of said Act. Following Lewis v. State, 58 Texas Crim. Rep., 351.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the District Court of Hill County on the 14th day of December, 1909, on a charge of selling intoxicating liquors in violation of law, and his punishment assessed at confinement in the penitentiary for a term of one year.

There are a number of questions raised both by motion for new trial and bills of exception, which we deem unnecessary to set out. The holding of the court in the case of Lewis v. State, decided at the present term, to the effect, in substance, that the felony provision of the statute of the last Legislature has no application to sales in counties which had adopted local option before the passage of the Act in question, must dispose of the appeal adversely to the State.

For the reasons given in the Lewis case, the judgment of conviction is reversed and the cause is remanded with instructions to the District Court to transfer the case to the County Court of Hill County.

*Reversed and remanded.*